UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JONAH LONG, <br><br> Petitioner, <br><br> v. <br><br> RICHARD BROWN, <br><br> Respondent. | No. 2:15-cv-40-JMS-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

Jonah Long, a state prisoner, challenges the validity of his conviction for dealing in methamphetamine through his petition for writ of habeas corpus. For the reasons explained in this Entry, Long's petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not be issued.

**I. Applicable Law**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). Long's petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA

> amended 28 U.S.C. § 2254(d) to narrow the power of federal courts to grant habeas corpus relief to state prisoners. Under that Act, the critical question on the merits of most habeas corpus petitions shifted from whether the petitioner was in custody in violation of the Constitution, laws, or treaties of the United States to a much narrower question: whether the decision of the state court keeping the petitioner in custody was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

*Avila v. Richardson*, 751 F.3d 534, 535 (7th Cir. 2014).

> A decision is contrary to clearly established federal law if the state court applies a rule that conflicts with a rule identified by the Supreme Court, or if the state court reaches a different conclusion than the Supreme Court in a case with materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). A decision involves an unreasonable application of clearly established law if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S. Ct. 1495. Under both tests, mere error is not sufficient; a state court's decision must be "objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S. Ct. 1166, 155 L.Ed.2d 144 (2003).

*Simonson v. Hepp*, 549 F.3d 1101, 1105-06 (7th Cir. 2008).

As explained by the Supreme Court, the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams v. Taylor,* 529 U.S. 362, 412 (2000); *see also Miller–El v. Cockrell,* 537 U.S. 322, 337 (2003) ("Statutes such as AEDPA have placed more, rather than fewer, restrictions on the power of federal courts to grant writs of habeas corpus to state prisoners."). "The petitioner carries the burden of proof." *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011).

## II. Background

It is noted in *Jones v. Butler,* 778 F.3d 575, 578 (7th Cir. 2015), that "[i]n § 2254 proceedings, federal courts are foreclosed from fact-finding. [The Court] therefore defer[s] to the findings of the [state] court, which have not been challenged and are presumed to be correct unless rebutted by clear and convincing evidence." (citing 28 U.S.C. § 2254(e)(1) and *Harris v. Thompson,* 698 F.3d 609, 613 (7th Cir. 2012)). The facts and procedural history as set forth by the Indiana Court of Appeals on direct appeal are as follows:

> On September 7, 2012, Indiana State Police Trooper Jeffrey Sego and several other officers conducted a narcotics investigation at a hotel in Indianapolis. Sego went to a room and knocked on the door. He knew that Long was registered as an occupant of the room. Kami Clemens opened the door. Clemens allowed Sego into the room, where he saw digital scales and glass pipes.

After speaking with Clemens, Sego advised the other officers to be on the lookout for Long, who was driving a silver Chrysler 300. Police officer Adam Buchta was stationed near the hotel in an unmarked car. He ran a license check on Long and learned that Long's license was suspended. Buchta also found a picture of Long, which he shared with Indiana State Trooper Dean Wildauer. Wildauer was also stationed in an unmarked car, farther from the hotel than Buchta.

Later, Wildauer saw Long driving a silver Chrysler 300 toward the hotel. Long turned onto the street that accessed the hotel's parking lot, but he failed to use his turn signal. Wildauer informed Buchta of Long's failure to use his turn signal.

Buchta saw Long approach the hotel. He activated his car's lights to signal Long to stop. Long entered the hotel's parking lot, "slammed [the car] into park," and got out. Tr. p. 125. Long ran away, disregarding Buchta's commands to stop. He ran across a street and up a ramp to a nearby interstate highway. Buchta followed and watched Long run across the interstate, disrupting traffic. Long got away once he reached the other side.

Buchta returned to Long's car and took the keys out of the ignition. He also brought his canine to the Chrysler 300 and walked it around the car. The canine "alerted to the odor of a narcotic" coming from the car. *Id.* at 88.

Sego searched the 300 without a warrant. He found paperwork bearing Long's name. He also found luggage in the trunk, and when he searched the luggage he saw a blue can of Doritos. Sego discovered that the bottom of the can could be unscrewed, and inside the bottom of the can he found two clear plastic baggies containing a substance that was later identified as methamphetamine. There was a total of 11.6 grams of methamphetamine in the baggies. Wildauer testified that the quantity of methamphetamine Sego discovered is generally associated with a dealer rather than a user, because a user will consume methamphetamine as soon as he or she acquires it.

Later, Long talked with his acquaintance Tony Pedigo. Long told Pedigo he had to abandon his car at a hotel in Indianapolis because the police arrived. He further said he fled from the police by running across an interstate highway. Finally, Long told Pedigo he had left methamphetamine in the car.

The State charged Long with dealing in methamphetamine, possession of methamphetamine, and resisting law enforcement. Long waived his right to a jury trial and was tried to the bench. During the bench trial, Long moved to suppress the admission of any evidence discovered during the warrantless search of his car. The court denied the motion, heard further evidence, and determined that Long was guilty as charged. The court entered judgments of conviction for dealing in methamphetamine and resisting law enforcement, and sentenced Long accordingly.

*Long v. State*, Cause No. 49A04-1308-CR-00392, pp. 2-4 (Ind.Ct.App. May 26, 2014) (*Long*).

3

### III. Discussion

**A. Fourth Amendment Claim**

Long claims that the trial court erred in denying his motion to suppress. In pressing such a claim here, Long faces a significant hurdle because in *Stone v. Powell,* 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 495; *see Cabrera v. Hensley,* 324 F.3d 527, 530 (7th Cir. 2003) (quoting *Stone*, 428 U.S. at 494). *Stone's* rationale is based on the minimal police deterrence effect that would result from applying the exclusionary rule to habeas proceedings. *See Hampton v. Wyant,* 296 F.3d 560, 562-64 (7th Cir. 2002).

An accused receives a "full and fair opportunity" to litigate his claim if: (1) he has clearly informed the state court of the factual basis for his claim and has argued that those facts constitute a violation of his Fourth Amendment rights, and (2) the state court has carefully and thoroughly analyzed the facts, and (3) applied the proper constitutional case law to the facts. *Weber v. Murphy*, 15 F.3d 691, 694 (7th Cir. 1994).

Long filed a motion to suppress in the trial court. The trial court made a ruling. The Indiana Court of Appeals reviewed that ruling and all the surrounding circumstances. Without doubt, the Indiana Court of Appeals carefully and thoroughly analyzed the facts. In affirming the trial court, the Indiana Court of Appeals agreed with the State's argument that the Fourth Amendment did not apply to Sego's search because Long abandoned his car, applying the principle that abandoned property is not subject to Fourth Amendment protection. As to the finding that the car had in fact been abandoned, the Indiana Court of Appeals observed: "In this case, Buchta signaled for Long

4

to stop. Long stopped his car, got out, and ran off, leaving it unlocked with the keys inside. He thus abandoned his unsecured car and relinquished any reasonable expectation of privacy in it. His Fourth Amendment claim must fail. *See id*. (the defendant abandoned his car, and thus had no Fourth Amendment claim, when he exited the car and ran off during a traffic stop)." *Long,* at p. 6.

The Indiana Court of Appeals' analysis is an entirely mainstream application of Fourth Amendment law. The Seventh Circuit has noted, for example: "If the driver of a car flees at the approach of the police, this is pretty good evidence that he's abandoned the car—that he doesn't want to be associated with it and therefore isn't going to reclaim it. Moreover, the police could hardly have left the car sitting where they had stopped it; for all they knew, the driver—who, remember, had run off with the car keys—was lurking about and would come back and drive off as soon as the police left. Rather than sit there indefinitely waiting for the driver to return, the police were entitled to have the car towed, and once it was thus lawfully in their custody they were entitled to conduct an inventory search." *United States v. Pittman*, 411 F.3d 813, 817 (7th Cir. 2005); *see also, e.g., United States v. Smith,* 648 F.3d 654, 660 (8th Cir. 2011)(search of abandoned property does not implicate the Fourth Amendment because Smith relinquished any legitimate expectation of privacy he may have had in the [vehicle] and its contents); *United States v. Barlow,* 17 F.3d 85, 88 (5th Cir. 1994)(a driver who runs from his vehicle at the sight of police has, indeed, abandoned that vehicle and relinquished his Fourth Amendment right to the auto); *United States v. Magana*, No. 2:05CR0431 RLHRJJ, 2007 WL 680784, at *5 (D.Nev. Feb. 28, 2007)(the defendant cannot raise a Fourth Amendment violation because when he abandoned his vehicle, he likewise abandoned his expectation of privacy).

There is no indication that the Indiana courts were "careless" in their assessment of this Fourth Amendment claim, and it has been explained that the "full and fair opportunity" guarantees

5

the right to present one's case, but it does not guarantee a correct result. *Cabrera v. Hensley,* 324 F.3d 527, 532 (7th Cir. 2003). Here, Long had a full and fair opportunity to litigate this Fourth Amendment claim at trial and in his direct appeal. The claim is thus unavailable for review in federal habeas.

Furthermore, even if *Stone* did not preclude consideration of Long's Fourth Amendment claim in the circumstances of this case, he could not prevail. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Indiana Court of Appeals' analysis of Long's Fourth Amendment did not transgress the foregoing standard.

### B. Evidentiary Ruling

Long argues that the trial court should not have excluded evidence he offered to show that someone else was driving his car on the day in question. The State argued successfully that the proffered evidence was hearsay. The Indiana Court of Appeals agreed. It first found that the statement was hearsay and then rejected Long's argument that the statement was admissible as a statement against interest, explaining that Long "made no effort to establish that the purported driver was unavailable to testify, so Rule 804 did not permit the admission of Long's evidence," *Long,* at p. 8, and then that "the mere statement that the person drove the car at some point on the day in question is not incriminating on its face." *Id.*

As a question of state law, which is how this claim was presented to the Indiana Court of Appeals, the claim is not cognizable under § 2254(a). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)(quoting *Bates v. McCaughtry,* 934

F.2d 99, 101 (7th Cir. 1991)). As the Supreme Court has clearly stated, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011).

This claim can also be understood as a due process challenge to the exclusion of evidence. *See Bigby v. Dretke,* 402 F.3d 551, 563 (5th Cir. 2005) (holding federal habeas review of a state court's evidentiary ruling focuses exclusively on whether the ruling violated federal constitutional protections). Due process is implicated only for rulings "of such a magnitude" or "so egregious" that they "render the trial fundamentally unfair" and relief will be warranted only when the challenged evidence "played a crucial, critical, and highly significant role in the trial." *Id.* The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Dowling v. United States,* 493 U.S. 342, 352 (1990).

Long has committed procedural default as to any due process dimension of this claim by not fairly presenting it in his direct appeal. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam)(a claim is fairly presented to the state's highest court if the petitioner describes to that court the operative facts and legal theory upon which the claim is based). A federal court may not review a procedurally defaulted claim absent a showing of a fundamental miscarriage of justice or cause and prejudice. *Martinez v. Ryan,* 132 S. Ct. 1309, 1316 (2012). Long has not shown circumstances permitting him to overcome his procedural default.

Even under a Sixth Amendment analysis, the trial court and the state appellate court placed reasonable limits on the admissibility of this evidence. Criminal defendants are "entitled by the Constitution to a meaningful opportunity to present a complete defense." *Wade v. Mantello,* 333 F.3d 51, 57 (2d Cir. 2003); *see also Clark v. Arizona,* 548 U.S. 735, 769 (2006) (holding that the right to present a complete defense is "a matter of simple due process"); *Taylor v. Illinois,* 484 U.S. 400, 408 (1988) (holding that criminal defendants have the right to "put before a jury evidence

that might influence the determination of guilt" (internal citations and quotation marks omitted)). At the same time, this right is subject to "reasonable restrictions." *Wade,* 333 F.3d at 58. State and federal rules of evidence may restrict evidence "to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* (quoting *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973)). Applying this standard, Long's claim that the exclusion of evidence that there was another driver of his vehicle on the day of his arrest does not implicate due process because the excluded evidence would not have played a crucial, critical, and highly significant role in the trial.

To review: "On a petition for writ of habeas corpus, a federal court will not review evidentiary questions unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right." *Stomner v. Kolb,* 903 F.2d 1123, 1128 (7th Cir. 1990) (internal citation and quotation marks omitted). "A habeas petitioner bears a heavy burden in showing a due process violation based on an evidentiary decision." *Boyde v. Brown,* 404 F.3d 1159, 1172 (9th Cir. 2005). Long's claim falls short in this regard. That is, Long failed to preserve the claim in the state courts for eventual federal habeas review and has not shown that the exclusion of the offered evidence was improper under Indiana state law or that its assertedly erroneous exclusion played a crucial, critical, and highly significant role in the trial. At the very least, it is apparent that the Indiana Court of Appeals assessed the probative value of the evidence and concluded that its exclusion was not an abuse of the trial court's discretion. *Horton v. Litscher*, 427 F.3d 498, 508 (7th Cir. 2005); *see also Rice v. McCann,* 339 F.3d 546, 550 (7th Cir. 2003) (holding that, because reasonable courts could differ on the exclusion of the evidence, the state court's approach could not be considered improper). In light of the broad latitude given such decisions under § 2254(d)(1), the Indiana Court of Appeals' conclusion was not an unreasonable application of clearly established federal law.

### C. Sufficiency of the Evidence

Long's third habeas claim is that there was insufficient evidence to support his conviction for dealing in methamphetamine. The elements of this offense in Indiana are that the defendant: (1) knowingly or intentionally (2) possessed with intent to deliver (3) methamphetamine (4) in an amount greater than three grams. IND.CODE § 35–48–4–1.1.

"It has long been established that the Constitution 'protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Crayton v. United States*, No. 13-3548, 2015 WL 3895767, at *4 (7th Cir. June 25, 2015)(quoting *In re Winship,* 397 U.S. 358, 364 (1970)).

> The standard of review is a rigorous one: evidence, viewed in the light most favorable to the State, is sufficient to support a conviction so long as any rational trier of fact could find the essential elements of the offense to have been proved beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979). Because we consider this claim on collateral review rather than direct appeal, [AEDPA] imposes an additional layer of defense onto this inquiry: we may grant relief on this claim only if the [State] Appellate Court applied the *Jackson* standard unreasonably to the facts of [the] case.

*Jones v. Butler,* 778 F.3d 575, 581–82 (7th Cir. 2015) (parallel citations omitted). The Seventh Circuit in *Branion v. Gramly*, 855 F.2d 1256, 1266 (7th Cir. 1988), addressed the issue of whether the evidence is sufficient to sustain the conviction: "The only appropriate inquiry for this court under *Jackson* is whether, assuming the jury resolved all disputes in the state's favor and drew all inferences from that evidence, it would have been rational to convict. Not whether we would convict, but whether thoughtful people would convict." When conducting a *Jackson* analysis, a district court "'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown,* 130 S. Ct. 665, 673 (2010) (quoting *Jackson,* 443 U.S. at 326).

Long argued in his direct appeal that the evidence of his intent to deliver was insufficient. The Indiana Court of Appeals explained its *Jackson*-compatible standard of review—"[t]he evidence and all reasonable inferences drawn from it are viewed in a light most favorable to the judgment," *Long,* at p. 9—and then gave this analysis of the evidence:

> Here, the police found 11.6 grams of methamphetamine in Long's car, an amount well above the three grams needed to establish an A felony conviction. Illegal possession of large quantities of narcotics does not create a presumption of intent to deliver but may support an inference of intent. *Crocker v. State,* 989 N.E.2d 812, 823 (Ind.Ct.App. 2013), trans. denied. Wildauer testified that possession of such a large quantity of methamphetamine is associated with dealing the drug because users consume it as soon as they purchase it. Furthermore, the methamphetamine was stored in small plastic baggies, which Wildauer testified was consistent with packaging for sale.
> 
>   Long argues the evidence showed that he was a user, and he thus lacked the intent to deliver methamphetamine to others, because Sego found glass pipes in his hotel room. This argument is an impermissible request to reweigh the evidence, because the pipes could have belonged to Clemens. Furthermore, Sego also saw scales in the hotel room, which could reasonably indicate that Long was weighing methamphetamine for distribution to others.

*Long,* at pp. 9-10. This analysis was an entirely reasonable application of the federal *Jackson* standard. *Monroe v. Davis,* 712 F.3d 1106, 1120 (7th Cir. 2013). It shows that the Indiana Court of Appeals "provided fair process and engaged in reasoned, good-faith decision-making when applying *Jackson's* 'no rational trier of fact' test." *Gomez v. Acevedo,* 106 F.3d 192, 199 (7th Cir. 1997), *vacated on other grounds, Gomez v. DeTella,* 522 U.S. 801 (1997). This determination that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of dealing in methamphetamine beyond a reasonable doubt did not run afoul of the AEDPA standard as expressed in 28 U.S.C. § 2254(d)(1), and hence Long is not entitled to relief based on this claim.

### D. Cumulative Error

Long's final habeas claim is that the cumulative errors in grounds one, two and three so infected the trial as to have denied him due process. The respondent is correct that this claim was not presented to the Indiana state courts and is therefore defaulted. In any event, the court finds no error to have occurred associated with the other grounds, so there is no error to become "cumulative." *See Hayes v. Ayers,* 632 F.3d 500, 524 (9th Cir. 2011) ("Because we conclude that no error of constitutional magnitude occurred, no cumulative prejudice is possible."); *Turner v. Quarterman,* 481 F.3d 292, 301 (5th Cir. 2007) ("where individual allegations of error are not of constitutional stature or are not errors, there is 'nothing to cumulate.'"); *Le v. Mullin,* 311 F.3d 1002, 1023 (10th Cir. 2002)("a cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors").

### IV. Conclusion

Long's conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. *See Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law").[1]

This court has carefully reviewed the state record in light of Long's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme

---

1 Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 468 (1938)).

malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *See Harrington v. Richter,* 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.*; *see also Cavazos v. Smith,* 132 S. Ct. 2, 7–8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting the necessity of deference to state courts in § 2254(d) habeas cases"). No such extreme malfunction occurred in the state courts in Long's case. His petition for a writ of habeas corpus is therefore **denied.**

Judgment consistent with this Entry shall now issue.

### V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Long has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability

IT IS SO ORDERED.

Date: _____07/01/2015_____

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Case 2:15-cv-00040-JMS-WGH   Document 18   Filed 07/01/15   Page 13 of 13 PageID #: 436

Distribution:

Electronically Registered Counsel

JONAH LONG
103975
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only